1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
Daniel S. Silverman (SBN 137864)
  dssilverman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendants
TARR INC., IRON ADS, LLC, and
NATHAN MARTINEZ

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CREE, INC., a North Carolina Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TARR INC., a California Corporation; IRON ADS, LLC, a Nevada Limited Liability Company; NATHAN MARTINEZ, an Individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: 3:17-cv-00506-GPC-NLS <br><br> Hon. Gonzalo P. Curiel <br> Courtroom 2D – Schwartz <br><br> **DEFENDANTS TARR INC., IRON ADS, LLC, AND NATHAN MARTINEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR FOR A MORE DEFINITE STATEMENT** <br><br> Date:        July 7, 2017 <br> Time:       1:30 p.m. <br> Crtrm.:     2D <br><br> Action Filed:   March 14, 2017 <br> Trial Date:     None set |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1

# **TABLE OF CONTENTS**

2

**Page**

3

I.   INTRODUCTION ................................................................1

4

II.  FACTUAL BACKGROUND .............................................1

5

III. ARGUMENT ......................................................................4

6

     A.   Rule 12(b)(6) Legal Standard ................................4

7

     B.   Plaintiff's Group Pleading Is Improper .............5

8

     C.   For Each Of Its Claims Against The Named Defendants,
9
           Plaintiff Must Identify Facts To Explain What Each Named
           Defendant Did To Be Allegedly Liable ................................6

10

          1.   With Each Of Its Claims, Plaintiff Must Plead Sufficient
11
               Facts to Demonstrate That A Named Defendant Actually
               Used Plaintiff's Mark .......................................7

12

               a.   Lanham Act Claims ....................................7

13

               b.   California Claim .........................................9

14

          2.   Plaintiff's Conclusory Alter-Ego Allegations Do Not
15
               Save Its Claims ..............................................11

16

     D.   If Its Complaint Is Not Dismissed, Plaintiff Should Provide A
           More Definite Statement And Plead What Makes Each Of The
17
           Named Defendants Allegedly Liable................................12

18

IV. CONCLUSION ................................................................13

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR FOR A MORE DEFINITE STATEMENT (Case No. 3:17-cv-00506-GPC-NLS)
15418734-v5

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal*,

5

  556 U.S. 662 (2009) .................................................................... 4

6

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

7

  *Carpenters*,
  459 U.S. 519 (1983) .................................................................... 4

8

*Bell Atlantic Corp. v. Twombly*,

9

  550 U.S. 544 (2007) .................................................................... 9

10

*Comm. for Immigrant Rights v. Cty. of Sonoma*,

11

  644 F. Supp. 2d 1177 (N.D. Cal. 2009) ...................................... 12

12

*Cree, Inc. v. ILMG Corporation, et al.*

13

  Case No.: 2:16-cv-06820 (C.D. Cal. 2016) ............................... 1, 2

14

*Eckler v. Wal-Mart Stores, Inc.*,

15

  No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132 (S.D.
  Cal. Oct. 31, 2012) ..................................................................... 9

16

*Faegin v. LivingSocial, Inc.*,

17

  No. 14cv00418-WQH-KSC, 2015 U.S. Dist. LEXIS 32106 (S.D.

18

  Cal. Mar. 16, 2015)..................................................................... 8

19

*Flores v. EMC Mortg. Co.*,

20

  997 F. Supp. 2d 1088 (E.D. Cal. 2014) ...................................... 5, 6

21

*Fractional Villas, Inc. v. Tahoe Clubhouse*,

22

  No. 08cv1396 - IEG - POR, 2009 U.S. Dist. LEXIS 4191 (S.D.
  Cal. Jan. 22, 2009)...................................................................... 8

23

*Gauvin v. Trombatore*,

24

  682 F. Supp. 1067 (N.D. Cal. 1988)........................................... 5

25

*Gen-Probe, Inc. v. Amoco Corp.*,

26

  926 F. Supp. 948 (S.D. Cal. 1996) ............................................. 5, 6

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

*Horton v. Neostrata Co.*,
   No. 3:16-CV-02189-AJB-JLB, 2017 U.S. Dist. LEXIS 34059
   (S.D. Cal. Mar. 8, 2017) ...................................................................................... 11

*Implant Direct Sybron Int'l v. Zest IP Holdings, LLC*,
   No. 11-CV-2247-LAB-WVG, 2012 U.S. Dist. LEXIS 76485 (S.D.
   Cal. May 31, 2012) .............................................................................................. 7

*Lopez v. Wells Fargo Bank, N.A.*,
   No. 16-cv-0811-AJB-DHB, 2017 U.S. Dist. LEXIS 52527 (S.D.
   Cal. Apr. 5, 2017) ......................................................................................... 5, 10

*Mickissack v. Wells Fargo Home Mortg.*,
   No. 09-CV-1932 JLS, 2010 U.S. Dist. LEXIS 69132 (S.D. Cal.
   July 12, 2010) ...................................................................................................... 9

*Millennium Labs., Inc. v. Ameritox, Ltd.*,
   No. 12CV1063-MMA (JMA), 2012 U.S. Dist. LEXIS 147528
   (S.D. Cal. Oct. 12, 2012) .................................................................................. 12

*Mophie, Inc. v. Shah*,
   No. SA CV 13-01321-DMG, 2014 U.S. Dist. LEXIS 185196 (C.D.
   Cal. Nov. 12, 2014) ........................................................................................ 7, 8

*Multimedia Patent Trust v. Microsoft Corp.*,
   525 F. Supp. 2d 1200 (S.D. Cal. 2007) ............................................................ 10

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .............................................................................. 4

*Orosa v. Therakos, Inc.*,
   No. C-11-2143 EMC, 2011 U.S. Dist. LEXIS 93694 (N.D. Cal.
   Aug. 22, 2011) .................................................................................................. 11

*Perfect 10, Inc. v. Giganews, Inc.*,
   No. CV11-07098 AHM, 2013 U.S. Dist. LEXIS 71349 (C.D. Cal.
   Mar. 8, 2013) ...................................................................................................... 7

*SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*,
   88 F.3d 780 (9th Cir. 1996) ................................................................................ 4

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

iii

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942, 975 (S.D. Cal. 2014), order corrected, No.
   11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10,
   2014) ............................................................................................... 10

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*
   *HDTV Television Litig.*,
   758 F. Supp. 2d 1087 (S.D. Cal. 2010) ............................................ 10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................................. 5

*Stillwell v. Radioshack Corp.*,
   No. 07cv0607 JM (CAB), 2007 U.S. Dist. LEXIS 103212 (S.D.
   Cal. Dec. 18, 2007) ........................................................................... 8

*United States Bank Nat'l Ass'n v. Friedrichs*,
   No. 12cv2373-GPC(KSC), 2013 U.S. Dist. LEXIS 19577 (S.D.
   Cal. Feb. 13, 2013) ........................................................................... 6

*Wallack v. Idexx Labs., Inc.*,
   No. 11cv2996-GPC(WVG), 2013 U.S. Dist. LEXIS 53248 (S.D.
   Cal. Apr. 11, 2013) ........................................................................... 7

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................... 9

Fed. R. Civ. P. 12(e) ................................................................................ 12

**Other Authorities**

2-12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.36
   (2009) ............................................................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Tarr Inc. ("Tarr"), Iron Ads, LLC ("Iron Ads"), and Nathan Martinez ("Mr. Martinez") (collectively, "the Named Defendants"), through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), 12(b)(6), and 12(e) submit this memorandum in support of their motion to dismiss the complaint filed by Plaintiff Cree, Inc. ("Cree") or ("Plaintiff") against the Named Defendants or, in the alternative, for a more definite statement.

## I.      INTRODUCTION

Plaintiff's Complaint alleges that its CREE® trademarks were infringed on twenty advertising websites that promoted military tactical flashlights, including "Shadowhawk" flashlights.  Based on these allegations, Plaintiff may have a viable trademark infringement claim against those who owned or controlled those twenty advertising websites, *i.e.*, the persons who actually infringed the CREE® trademarks.  The problem with Plaintiff's Complaint, however, is that it lacks any specific factual allegations to support that the Named Defendants ever owned or controlled any of the twenty advertising websites and thus ever infringed the CREE® trademarks.

## II.     FACTUAL BACKGROUND

Plaintiff manufactures and sells LED light bulbs and owns several CREE® trademarks.  (Complaint, ¶¶ 19, 23.)  In its Complaint, Plaintiff alleges that the Named Defendants and Does 1-10 have committed direct trademark infringement, false designation of origin, trademark dilution and unfair business practices.  (*Id.*, ¶¶ 46-81.)  Plaintiff has previously filed another very similar lawsuit, *Cree, Inc. v. ILMG Corporation, et al.* (Case No.: 2:16-cv-06820) (C.D. Cal. 2016), which is now pending.  (*See* Request for Judicial Notice ("RJN"), Exhibit 1.)  There and

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

here, Plaintiff describes that numerous advertising websites have infringed the CREE® trademarks to promote military tactical flashlights.

The use or misuse of CREE® trademarks in online advertising about military tactical flashlights is apparently common.  In the *ILMG* case, Plaintiff identifies thirty-seven advertising websites that it alleges have infringed the CREE® trademarks to promote "G700 Tactical" flashlights.  (*See* RJN, Exhibit 1 at Paragraph 36.)  In the instant case, Plaintiff identifies twenty advertising websites that it alleges have infringed the CREE® trademarks to promote "Shadowhawk" flashlights.  These are:

A.   shadowhawkx800.com

B.   shadowhawkx800.net

C.   shadowhawkx800.org

D.   shadowhawkx800.xyz

E.   shadowhawkx-800.com

F.   x800flashlight.com

G.   x800flashlight.org

H.   shadowhawkx800flashlight.org

I.   thex800flashlight.com

J.   x800shadowhawk.com

K.   buyshadowhawkflashlight.com

L.   shadowhawkflashlightreview.com

M.   shadowhawkdeal.com

N.   shadowhawktactical.com

O.   shadowhawktacticalflashlight.com

P.   shadowhawkpromo.com

Q.   navysealflashlight.com

R.   buyshadowhawkx800.com

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

2

1    S.    x800tactical.com

2    T.    flashlightshadowhawk.com

(Complaint, ¶ 37.).  Plaintiff's Complaint does not allege that the "Shadowhawk"

flashlights themselves infringe the CREE® trademarks.  Rather, Plaintiff's

Complaint rests on the factual premise that "Defendants have built, maintain

and/or utilize" these twenty advertising websites that infringe the CREE®

trademarks, *i.e.*, that the Named Defendants have owned or controlled these

websites and thus infringed the CREE® trademarks.  (*Id.*)

The factual premise, however, is not supported by any specific factual

allegations.  Plaintiff's Complaint includes a screenshot from only one of the

twenty advertising websites, shadowhawkx800.com.  (*Id.*, ¶ 39.)  However,

nothing in the single screenshot indicates that the website has ever been owned or

controlled by Tarr, Iron Ads, or Mr. Martinez.  (*Id.*)  Moreover, Plaintiff does not

allege that there is any information on any of the twenty advertising websites that

indicates that any were ever owned or controlled by the Named Defendants.

Although Plaintiff attaches numerous exhibits to its Complaint, these exhibits

consist entirely of trademark registration documents, and Plaintiff includes nothing

from Whois.net or any similar domain ownership service to indicate that any of the

twenty advertising websites were ever owned or controlled by the Named

Defendants.  (*See* Complaint, Ex. A-FF.)  This is not surprising because the Named

Defendants did not own or control any of the twenty advertising websites.

The specific factual information missing from Plaintiff's Complaint is

especially important in an intellectual property case founded on online advertising

– where a company's advertising or websites may be confused with those owned or

controlled by re-sellers or third-party affiliate marketers promoting the same or

similar products.  Rather than conduct a proper pre-litigation investigation, and

plead specific facts as to the actual ownership of the twenty advertising websites,

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

3

1    Plaintiff relies on improper group pleading.  Plaintiff broadly alleges that

2    "Defendants" did everything, own everything, and are liable for everything

3    described in its Complaint.  But the Complaint lacks any specific facts about Tarr,

4    Iron Ads, or Mr. Martinez and lacks any specific facts as to how either Tarr, Iron

5    Ads, or Mr. Martinez is alleged to have infringed the CREE® trademarks.

6           The most important factual allegation in the case is who actually has owned

7    or controlled the twenty advertising websites.  Yet, Plaintiff's Complaint provides

8    no specific factual allegations on this point.  Plaintiff sues John Does 1 – 10, which

9    suggests that it does not know who actually owns or controls the twenty

10   advertising websites.  (*Id.* ¶ 10.)  In the event Plaintiff cannot readily determine on

11   its own who has owned or controlled the twenty advertising websites, it can always

12   continue its action against the Does and pursue non-party discovery to the domain

13   registrar or web hosting companies to obtain this information.  But Plaintiff cannot

14   continue to pursue the Named Defendants, who should be dismissed from the

15   Complaint.

16   **III.   ARGUMENT**

17        **A.   Rule 12(b)(6) Legal Standard**

18          A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's complaint under

19   its applicable pleading standard.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

20   2001).  "[A] court may dismiss a complaint as a matter of law for (1) lack of a

21   cognizable legal theory or (2) insufficient facts under a cognizable legal claim."

22   *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th

23   Cir. 1996) (internal quotations and citation omitted).  The reviewing court need not

24   accept "legal conclusions" as true.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  It

25   is also improper for a court to assume "the [plaintiff] can prove facts that [it] has

26   not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

27   *Carpenters,* 459 U.S. 519, 526 (1983).  Finally, a court is not "required to accept as

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR FOR A MORE DEFINITE STATEMENT (Case No. 3:17-cv-00506-GPC-NLS)
15418734-v5

1   true allegations that are merely conclusory, unwarranted deductions of fact, or

2   unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

3   (9th Cir. 2001)).

4   **B.      Plaintiff's Group Pleading Is Improper**

5         The purpose of a complaint is to put the opposing party on notice of the

6   wrong they allegedly committed, thus allowing them to adequately defend

7   themselves.  *Lopez v. Wells Fargo Bank, N.A.*, No. 16-cv-0811-AJB-DHB, 2017

8   U.S. Dist. LEXIS 52527, at *9-10 (S.D. Cal. Apr. 5, 2017) (citing Fed. R. Civ. P.

9   8).  Thus, a "Plaintiff must allege the basis of his claim against *each* defendant[,]"

10   and "lumping" defendants together in allegations does not provide sufficient notice

11   under Rule 8(a)(2).  *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal.

12   1988) (emphasis added); *see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d

13   1088, 1103 (E.D. Cal. 2014) ("Specific identification of the parties to the activities

14   alleged by the plaintiffs is required in this action to enable the defendant to plead

15   intelligently.") (quoting *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277,

16   284 (D. Wis. 1975)); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D.

17   Cal. 1996) ("lumping together of multiple defendants in one broad allegation fails

18   to satisfy notice requirement of Rule 8(a)(2)").

19         Here, Plaintiff has impermissibly "lumped" all Named Defendants into one

20   category without providing notice of how each Named Defendant relates to each

21   claim.  Among its repeated vague and general assertions about "Defendants,"

22   Plaintiff alleges that: "Defendants utilize Plaintiff's CREE® Trademarks,"

23   (Complaint ¶¶ 33-34); "Defendants have "built, maintain[ed] and/or utilize[d]

24   numerous websites," (*Id.* ¶ 37); "Defendants have violated and continue to violate

25   Plaintiff's exclusive rights," (*Id.* ¶ 42); and "Defendants reproduced, copied, and

26   colorably imitated Plaintiff's registered CREE ® Trademarks," (*Id.* ¶ 52).  There

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR FOR A MORE DEFINITE STATEMENT (Case No. 3:17-cv-00506-GPC-NLS)
15418734-v5

are no specific factual allegations at all to inform or clarify how each Named Defendant is allegedly liable for the conduct alleged.

This Court and others have consistently found that such "group pleading" is improper under Rule 8(a)(2). *Flores*, 997 F. Supp. 2d at 1103 (dismissing complaint where plaintiff failed to distinguish "claims and alleged wrongs among defendants and others."); *United States Bank Nat'l Ass'n v. Friedrichs*, No. 12cv2373-GPC(KSC), 2013 U.S. Dist. LEXIS 19577, at *26 (S.D. Cal. Feb. 13, 2013) (dismissing claim where plaintiff failed to "allege the basis of [its] claim against each defendant[.]"); *Gen-Probe, Inc.*, 926 F. Supp. at 960-61 (dismissing complaint for a lack of notice to defendants where five defendants were grouped together as liable for three types of infringement).  By its group pleading, Plaintiff has not satisfied Rule 8(a)(2) and its Complaint should be dismissed.

## C. **For Each Of Its Claims Against The Named Defendants, Plaintiff Must Identify Facts To Explain What Each Named Defendant Did To Be Allegedly Liable**

In addition to its improper group pleading, Plaintiff has failed to provide any specific – or even basic – factual allegations to support its factual premise that the Named Defendants ever owned or controlled any of the twenty advertising websites at issue, *i.e.*, that the Named Defendants ever "used" the Plaintiff's trademark.  This is a vital element with each of Plaintiff's Lanham Act claims, as well as its claim for alleged violation of California Business & Professions Code § 17200, for which Rule 9(b) heightened pleading standards apply.  Because Plaintiff's Complaint fails to meet Rule 8(a)(2) and Rule 9(b) pleading standards, it should be dismissed under Rule 12(b)(6).

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1.  **With Each Of Its Claims, Plaintiff Must Plead Sufficient Facts to Demonstrate That A Named Defendant Actually Used Plaintiff's Mark**

    a.  **Lanham Act Claims**

To state a claim against the Named Defendants for direct trademark infringement under the Lanham Act, Plaintiff needed to allege facts showing that each Named Defendant "(1) used a reproduction, copy, or imitation of plaintiff's registered trademark, (2) without plaintiff's consent, (3) in connection with the sale, offering for sale, distribution or advertising of any goods, (4) where such use is likely to cause confusion, mistake, or deception." *Wallack v. Idexx Labs., Inc.*, No. 11cv2996-GPC(WVG), 2013 U.S. Dist. LEXIS 53248, at *39-40 (S.D. Cal. Apr. 11, 2013) (citing 15 U.S.C. § 1114(1)(a); *Brookfield Communs., Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046-47 (9th Cir. 1999)).  Where a defendant has not actually "used" the trademark, the defendant has not committed direct trademark infringement.  *See, e.g.*, *Mophie, Inc. v. Shah*, No. SA CV 13-01321-DMG (JEMx), 2014 U.S. Dist. LEXIS 185196, at *65 (C.D. Cal. Nov. 12, 2014) (finding a defendant "cannot be liable for direct trademark infringement" where it did not own or sell the infringing materials at issue or include plaintiff's marks on its own website, and thus did not "use" the marks at issue); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM (SHx), 2013 U.S. Dist. LEXIS 71349, at *42 (C.D. Cal. Mar. 8, 2013) ("Direct [trademark] infringement requires that the defendant itself 'use' the mark; it is insufficient for direct infringement purposes to allege that a defendant allows third parties to use the mark.")

To state a claim against the Named Defendants for false designation of origin under the Lanham Act, Plaintiff needed to allege facts showing, among other things, that each Named Defendant "made a false or misleading statement of fact in commercial advertising about plaintiff's product[.]"  *Implant Direct Sybron*

7

1   *Int'l v. Zest IP Holdings, LLC*, No. 11-CV-2247-LAB-WVG, 2012 U.S. Dist.

2   LEXIS 76485, at *3 (S.D. Cal. May 31, 2012).  This again requires that the

3   offending conduct have been committed by the defendant.  *Mophie, Inc*., No. SA

4   CV 13-01321-DMG (JEMx), 2014 U.S. Dist. LEXIS 185196, at *68-70, 80

5   (contractual relationship with infringer not enough to show trademark dilution or

6   false designation of origin by defendant).  This Court has further emphasized that

7   conclusory statements about a defendant's trademark use are not sufficient and

8   "specific facts" are required.  *Fractional Villas, Inc. v. Tahoe Clubhouse*, No.

9   08cv1396 - IEG - POR, 2009 U.S. Dist. LEXIS 4191, at *11 (S.D. Cal. Jan. 22,

10  2009); *see also Stillwell v. Radioshack Corp*., No. 07cv0607 JM (CAB), 2007 U.S.

11  Dist. LEXIS 103212, at *18 (S.D. Cal. Dec. 18, 2007) (holding plaintiff's

12  allegations of deceptive advertising fell "woefully short of stating a Lanham Act

13  claim" where they merely stated that defendant "has directly or indirectly falsely

14  and deceptively advertised, promoted and marketed to consumers that buying

15  products directly from [defendant] . . . is no different from buying directly from

16  Plaintiffs.").

17          To state a claim against the Named Defendants for trademark dilution under

18  the Lanham Act, Plaintiff needed to allege facts showing that each Named

19  Defendant "is making a commercial use of [another party's famous] mark in

20  commerce[.]" *Faegin v. LivingSocial, Inc.*, No. 14cv00418-WQH-KSC, 2015 U.S.

21  Dist. LEXIS 32106, at *22 (S.D. Cal. Mar. 16, 2015) (citing *Panavision Intern.,*

22  *L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998)).  Again, this standard is not

23  met where a defendant has not directly "used" plaintiff's mark.  *See, e.g., Mophie,*

24  *Inc*., No. SA CV 13-01321-DMG (JEMx), 2014 U.S. Dist. LEXIS 185196, at *68-

25  70, 80 (contractual relationship with infringer not enough to show trademark

26  dilution or false designation of origin by defendant).

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

8

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1      With its improper "group pleading," Plaintiff's Complaint lacks any specific

2 factual allegations about each Named Defendant.  Moreover, Plaintiff's Complaint

3 rests on its conclusory allegation that "Defendants" owned and controlled the

4 twenty advertising websites where Plaintiff's trademark was allegedly infringed;

5 but Plaintiff provides nothing – not website screenshots, domain ownership

6 information, or anything else – to support its conclusory allegation.  Plaintiff

7 cannot rely on a conclusory allegation to establish the most important element of

8 its claims, *i.e.*, that the Named Defendants actually "used" Plaintiff's trademark.

9 *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007).  Plaintiff has not

10 stated Lanham Act claims against the Named Defendants.

### b.     California Claim

12      Plaintiff  must meet Rule 9(b)'s "heightened pleading standard" for its claim

13 under the California Business & Professions Code § 17200.  *Eckler v. Wal-Mart*

14 *Stores, Inc*., No. 12-CV-727-LAB-MDD, 2012 U.S. Dist. LEXIS 157132, at *18-

15 19 n.6 (S.D. Cal. Oct. 31, 2012) (when a complaint alleges fraudulent conduct in

16 violation of California Business & Professions Code § 17200, the "heightened

17 pleading standards" of Federal Rule of Civil Procedure 9(b) must be met).

18 Plaintiff has not met this standard.

19      To state a claim against the Named Defendants for alleged violation of

20 California Business & Professions Code § 17200, Plaintiff needed to allege

21 specific facts showing that each Named Defendant's conduct was in violation of a

22 particular law, "tethered" to a violation of the law, or that the Named Defendants'

23 conduct was likely to deceive the public. *Mickissack v. Wells Fargo Home Mortg.*,

24 No. 09-CV-1932 JLS (WMc), 2010 U.S. Dist. LEXIS 69132, at *33-35 (S.D. Cal.

25 July 12, 2010).  Because this claim alleges fraudulent conduct, Plaintiff must plead

26 "with particularity" under Rule 9(b).  Fed. R. Civ. P. 9(b) ("In all averments of

27 fraud or mistake, the circumstances constituting fraud or mistake shall be stated

28

1    with particularity.").  Courts have interpreted this "particularity" standard to mean

2    that complaints "must [. . .] be specific enough to give the non-moving party notice

3    of the *particular* misconduct alleged so that they can defend against the charge and

4    not just deny that they have done anything wrong." *Multimedia Patent Trust v.*

5    *Microsoft Corp.*, 525 F. Supp. 2d 1200, 1212-1213 (S.D. Cal. 2007) (citing *Bly-*

6    *Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (emphasis added).

7    Thus, Plaintiff needed to plead specific factual allegations identifying "the time,

8    place, and specific content of the false representations as well as the *parties* to the

9    misrepresentations." *In re Sony Grand Wega KDF-E A10/A20 Series Rear*

10   *Projection HDTV Television Litig.*, 758 F. Supp. 2d 1087, 1092 (S.D. Cal. 2010)

11   (emphasis added).

12       Plaintiff's "group pleading" is the exact opposite of this and does not satisfy

13   Rule 9(b).  *See, e.g.*, *Lopez, N.A.*, No. 16-cv-0811-AJB-DHB, 2017 U.S. Dist.

14   LEXIS 52527, at *13 (finding plaintiff did not meet Rule 9(b) pleading standard

15   where court was "unable to determine the actions of each Defendant [because]

16   Plaintiff [. . .] grouped all three Defendants together and only broadly claim[ed]

17   that they intended to induce Plaintiff, failed to disclose the material terms of the

18   transaction, and falsely advised Plaintiff."); *see also In re Sony Gaming Networks*

19   *& Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 975 (S.D. Cal. 2014),

20   order corrected, No. 11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb.

21   10, 2014) ("Rule 9(b) does not allow a complaint to merely lump multiple

22   defendants together but 'require[s] plaintiffs to differentiate their allegations when

23   suing more than one defendant . . . and inform each defendant separately of the

24   allegations surrounding his alleged participation in the fraud.'" (quoting *Swartz v.*

25   *KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007)).

26       Plaintiff has not stated a claim for alleged violation of California Business &

27   Professions Code § 17200 against the Named Defendants.

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

## 2. **Plaintiff's Conclusory Alter-Ego Allegations Do Not Save Its Claims**

Plaintiff's Complaint alleges, on information and belief, that Tarr and Iron Ads "failed to observe corporate formalities." (Complaint ¶ 8.) Plaintiff's Complaint next alleges, on information and belief, that Tarr and Iron Ads "are the alter egos of" Mr. Martinez. (*Id.* ¶ 9.). These conclusory allegations do not save Plaintiff's claims as to the Named Defendants.

To plead "alter ego" liability in a complaint, this Court has made clear that more than a mere conclusory statement is needed. *Horton v. Neostrata Co.*, No. 3:16-CV-02189-AJB-JLB, 2017 U.S. Dist. LEXIS 34059, at *12 (S.D. Cal. Mar. 8, 2017) (finding plaintiff's allegation that "based on information and belief [. . .] each Defendant was acting as an alter ego of the other Defendants" was a "conclusory allegation" incapable of alleging alter ego liability); *see also Orosa v. Therakos, Inc.*, No. C-11-2143 EMC, 2011 U.S. Dist. LEXIS 93694, at *6 (N.D. Cal. Aug. 22, 2011) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."). To plead "alter ego" liability, Plaintiff must have pled specific facts against the Named Defendants supporting: "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Horton*, No. 3:16-CV-02189-AJB-JLB, 2017 U.S. Dist. LEXIS 34059, at *11 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)).

Plaintiff has not pled any such specific facts. Moreover, even if Plaintiff had properly pled that Tarr, Iron Ads or Mr. Martinez were the "alter ego" of each other, Plaintiff has still not stated any underlying claim as to the Named Defendants in any event. Plaintiff's claims against the Named Defendants fail

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1  given Plaintiff's improper "group pleading" and the absence of any specific factual

2  allegations supporting that any of the Named Defendants ever owned or controlled

3  any of the twenty advertising websites.

4      **D.**    **If Its Complaint Is Not Dismissed, Plaintiff Should Provide A**

5                 **More Definite Statement And Plead What Makes Each Of The**

6                 **Named Defendants Allegedly Liable**

7      A Rule 12(e) motion for more definite statement is appropriate when a

8  plaintiff fails to plead sufficient information to enable defendant to mount a

9  defense or prepare a responsive pleading. *See* Fed. R. Civ. P. 12(e); *see also*

10  *Millennium Labs., Inc. v. Ameritox, Ltd.*, No. 12CV1063-MMA (JMA), 2012 U.S.

11  Dist. LEXIS 147528, at *12 (S.D. Cal. Oct. 12, 2012). While this type of relief is

12  generally disfavored, it is appropriate where a complaint does not allege all

13  elements of its claims sufficiently to give defendants notice of the claims brought

14  against them. 2-12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §

15  12.36 (2009).

16      As explained above, Plaintiff's Complaint lacks any specific factual

17  allegations about how each Named Defendant contributed to the alleged

18  misconduct. Additionally, Plaintiff's Complaint lacks any specific factual

19  allegations to support its conclusory allegation that the Named Defendants ever

20  owned or controlled any of the twenty advertising websites. As such, the

21  Complaint does not contain a sufficiently clear and definite statement as to what

22  each Named Defendant allegedly did to injure Plaintiff. At minimum, these

23  deficiencies warrant a more definite statement. *See Comm. for Immigrant Rights v.*

24  *Cty. of Sonoma*, 644 F. Supp. 2d 1177, 1209 (N.D. Cal. 2009) (granting

25  defendants' request for a more definite statement where plaintiff's complaint did

26  not adequately "explain[] what actions each defendant took and why those actions

27

28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT OR FOR A MORE DEFINITE STATEMENT (Case No. 3:17-cv-00506-GPC-NLS)
15418734-v5

1  [were] unlawful[,]" or include "specific allegations of fact stating how each

2  defendant is alleged to have violated plaintiffs' legal rights.").

3        Plaintiff's claims against the Named Defendants should be dismissed for

4  failure to state a claim pursuant to Rules 8(a)(2), 9(b) and 12(b)(6).  In the

5  alternative, Plaintiff should be ordered to amend its complaint pursuant to Rule

6  12(e) and provide a more definite statement that identifies the specific factual

7  allegations asserted against each Named Defendant as well as the specific factual

8  allegations as to ownership and control of the twenty advertising websites.  This

9  will allow the Named Defendants to prepare an appropriate responsive pleading in

10  their defense.

11  ## IV.  **CONCLUSION**

12        For the foregoing reasons, Defendants Tarr, Inc., Iron Ads, LLC and Mr.

13  Nathan Martinez respectfully request that this Court dismiss the claims against

14  them, or, in the alternative, order Plaintiff to provide a more definite statement, and

15  award such other and further relief as this Court deems just and appropriate.

16

17   Dated:  May 10, 2017              VENABLE LLP

18

19                                     By:  /s/ Daniel S. Silverman
                                          Daniel S. Silverman
20                                     Attorneys for Defendants
                                       TARR INC., IRON ADS, LLC, and
21                                     NATHAN MARTINEZ

22

23

24

25

26

27

28

13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on May 10, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 10, 2017

VENABLE LLP

By:  /s/ Daniel S. Silverman
     Daniel S. Silverman
Attorneys for Defendants
TARR INC., IRON ADS, LLC, and
NATHAN MARTINEZ

14