UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREE, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>TARR, INC.; IRON ADS, LLC; NATHAN MARTINEZ; DOES 1-10, inclusive;<br><br>         Defendants. | Case No.: 3:17-cv-00506-GPC-NLS<br><br>**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR CLARIFICATION**<br><br>**[ECF No. 28]** |

Before the Court is Defendants' "motion for clarification." (ECF No. 28.) For the reasons explained below, the motion is **DENIED** as moot.

Plaintiff Cree, Inc. ("Cree") filed this action on March 14, 2017, asserting claims relating to trademark infringement against Defendants Tarr, Inc.; Iron Ads, LLC; Nathan Martinez; and ten unnamed individuals. (ECF No. 1.) On May 10, 2017, Defendants filed a motion to dismiss Cree's complaint in its entirety. (ECF No. 16.) In the same filing, Defendants alternatively sought a more definite statement under Federal Rule of Civil Procedure 12(e). (*See* ECF No. 16-1 at 12–13.)

On July 28, 2017, this Court issued an order granting in part and denying in part the motion to dismiss, and denying the motion for a more definite statement. (ECF No.

24 (the "July 28 Order").)  The Court explained that Cree had alleged sufficient facts to state plausible claims for relief and to adequately apprise Defendants of how they have allegedly infringed Cree's trademark.  (*Id*. at 6–13.)  The Court found, however, that Plaintiff's alter ego allegations were insufficient to state a plausible claim "that [Defendants] Tarr and Iron Ads are the alter egos of Defendant Martinez."  (*Id.* at 14.)  The Court explained that the allegations failed to establish (1) a unity of interest between Defendant Martinez and Tarr and Iron Ads, or (2) that adherence "to the fiction of the separate existence of the corporation . . . would sanction a fraud or promote injustice."  (*Id.* at 15–16.)  Finally, the Court explained that a more definite statement was not required from Plaintiff because the complaint is "sufficiently detailed to apprise Defendants of the misconduct alleged and the claims against them."  (*Id.* at 17.)  The Court therefore granted Defendants' motion only as to Cree's alter ego allegations.  The Court gave Cree thirty days from the date of its order "to amend its complaint to cure the deficiencies as identified by this order."  (*Id.* at 18.)

On September 1, 2017, Cree filed a notice stating that it "does not intend to file an amended complaint in an effort to cure the deficiencies of the later ego allegations, as identified by the Court's July 28, 2017 Order, and intends to move forward on its existing Complaint under the effects of [the] Court's July 28, 2017 Order."  (ECF No. 25.)

On September 17, 2017, Defendants filed the pending "request for clarification." (ECF No. 28.)  In their request, Defendants state that they "need to know which allegations are withdrawn and which allegations remain," and that they "would prefer that Cree file an amended complaint that affirmatively withdraws Cree's alter-ego allegations and those allegations that rest on Cree's alter-ego theory of liability." (ECF No. 28.)

The Court disagrees with Defendants' assertion that the complaint, as it stands, is confusing as to which allegations are still operative after the July 28 Order.  In fact, the Court stated as much in its ruling when addressing Defendants' challenge to Cree's alter ego allegations:

> The Court observes that its conclusion that Plaintiff has failed to plead an alter ego relationship between Martinez and Tarr, along with Martinez and Iron Ads, *has a minimal effect on the pleadings*. This is so because the complaint has alleged that each of the Defendants are primarily liable for all causes of action, and therefore none of Plaintiff's causes of action rely on the alter ego relationship to establish liability. *See* Compl. ¶ 11 (Defendants are "jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.").

(ECF No. 24 at 14 n.7 (emphasis added).) Because (1) only a few of the allegations in the complaint refer to any aspect of alter ego liability (*see* ECF No. 1 at ¶¶ 5–9), (2) the causes of action asserted in the complaint do not rely on an alter ego relationship, and (3) the Court has already determined that the complaint's allegations are sufficiently clear to apprise Defendants of the misconduct alleged and the claims against them, it is unnecessary for Cree to file an amended complaint. The Court accepts Cree's declination to file an amended complaint in response to the July 28 Order. Defendants' motion to dismiss Cree's claims of alter ego liability between Tarr, Inc., and Nathan Martinez, and Iron Ads, LLC, and Nathan Martinez is GRANTED with prejudice.

Defendants' motion to clarify (ECF No. 28) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: October 10, 2017

Hon. Gonzalo P. Curiel
United States District Judge